IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JUAN C. CRUZ RODRIGUEZ,

Petitioner,

v.

NICANOR CARO-DELGADO, WARDEN
AND ROBERTO J. SANCHEZ RAMOS,
ATTORNEY GENERAL OF THE
COMMONWEALTH OF PUERTO RICO,

Respondent.

CIVIL NO. 07-1769 (ADC)

**REPORT AND RECOMMENDATION**

**INTRODUCTION**

Petitioner Juan C. Cruz Rodríguez (hereinafter "Cruz Rodríguez") is a convicted felon at the state level presently incarcerated at the Ponce Principal Institution South governed by the Administration of Corrections. Petitioner was sentenced, after a bench trial, to two hundred and ninety seven (297) years of incarceration by the Superior Court, Caguas Section, of the Commonwealth of Puerto Rico for two counts of First Degree Murder, three counts of Attempted Murder, and violations to Articles 6 and 8 of the Puerto Rico Weapons' Law.

Petitioner filed a *pro-se* motion for post-conviction relief under Title 28, United States Code, Section 2254 in regard to his state conviction and sentence. Petitioner alleges he exhausted the state administrative remedies before he filed this action. Petitioner claims his attorney failed to provide adequate assistance by not filing a direct appeal to his conviction. Petitioner Cruz Rodríguez further indicates he filed several post-sentence motions, including a motion under Rule 192.1 of the Criminal Rules of Procedure and a motion under Rule 185.

Upon denial of said post-conviction motions by state sentencing court, he sought *certiorari* before the state Appeal Court Section, Special Panel. On February 13, 2006, the Appeals Court entered its denial to *certiorari*. (Docket No. 2).

On February 19, 2008, the Court referred the Motion to Dismiss to this Magistrate Judge for report and recommendation. (Docket Nos. 15, 16).

On February 20, 2008, the presiding District Judge issued an Order to Show Cause for respondents to file, within sixty (60) days, their answer or otherwise plead upon determining respondents had submitted a vague response without making reference to any part of the record. (Docket No. 17). On April 15, 2008, respondents, through the Puerto Rico Department of Justice, filed a Motion in Compliance (Docket Nos. 18, 19). On April 16, 2008, the requested leave to file attachments of state court related documents was granted. (Docket Nos. 19, 20).

We are now in a position to discuss respondents' request for dismissal of petitioner's post-conviction request under § 2254.

## BACKGROUND

Petitioner Cruz Rodríguez' motion for federal post-conviction relief submits ineffective assistance of counsel for failure to file a direct appeal to the conviction and being sentenced while under psychotic medications. Petitioner also claims his confession was coerced by the state district attorney who prosecuted his case. Petitioner states a motion under state Rule 192.1 was filed and was denied on February 13, 2006. A motion under state Rule 185,

Case 3:07-cv-01769-CVR   Document 21   Filed 04/22/08   Page 3 of 11

Juan C. Cruz Rodríguez v. Nicanor Caro-Delgado, et al.
Civil No. 07-1769(ADC)
Report and Recommendation
Page 3

opposing and challenging the sentence imposed, was also filed and denied. Petitioner then filed *writs of certiorari* before the state Court of Appeals which were subsequently dismissed.[1] In the Rule 185 motion, petitioner solely addressed the issue that the sentence imposed was contrary to law for having considered under aggravated recidivism. The state court ruled on this matter, specifically finding the sentence did not consider recidivism and petitioner's grounds for requesting *certiorari* were in error as to the factual and legal predicates of his petition.

Respondents have requested dismissal of this federal post-conviction relief stating petitioner is submitting anew the same issues already resolved at state level regarding the challenges to the sentence, which are, in addition, factually and legally flawed. The only ground which remains to be considered as to this federal post-conviction relief is the allegation regarding counsel's failure to file a direct appeal. Respondents submit, however, such allegation as to failure to file an appeal is unsupported and rests solely on petitioner's afterthought in an attempt to elude the consequences of his crimes. (Docket No. 13).

Petitioner filed an opposition to dismissal premised solely on the claim that his trial attorney failed, although requested to do so, to file a direct appeal to his conviction, more so in light of the significant sentence of incarceration imposed by the state court upon petitioner.

---

[1] It is petitioner's contention he filed a motion under 192.1 which was denied. The record found by respondents refers said motion was filed with the Appeals Court and it was denied for initial consideration by the state sentencing district court. Neither petitioner nor respondents have provided to this Court the content of the Rule 192.1.

## LEGAL DISCUSSION

The legal standard applicable to the above-captioned petition is pellucidly clear. Petitioner must show both that counsel's performance fell below an objective standard of reasonableness and that prejudice resulted. Strickland v. Washington, 466 U.S. 668, 687 (1984). *See also* López-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990). Counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1991), *cert. denied*, 112 S. Ct. 986 (1992). The "range of reasonable professional assistance" is quite wide. *See* Strickland, 466 U.S. at 689. Therefore, as the Supreme Court has noted, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id*. However, since we are dealing with a failure to file a direct appeal to the conviction, prejudice is presumed.

Delving on the basis of the available record into the merits of petitioner's allegations, including the response and the required enlargement of the record with state court proceedings, as well as the lack of the content of the Rule 192.1 motion[2], the initial claim of ineffective assistance for failure to file an appeal needs to be further examined.

---

[2] Rule 192.1 provides, in relevant part: "Any person who is imprisoned by virtue of a judgment rendered by any Division of the Court of First Instance and who alleges the right to be released because ... the sentence was imposed in violation of the Constitution or the laws of the Commonwealth of Puerto Rico or of the Constitution and laws of the United States, ... may file a motion, in the part of the court which imposed the sentence, to vacate, set aside, or correct the judgment." *See* P.R. Laws Ann. tit. 34, App. II, R. 192.1 (1963).

Petitioner Cruz Rodríguez submits allegations of violation to the Sixth Amendment of the United States Constitution in that his counsel was ineffective for failure to file a direct appeal to his conviction although having been requested to do so.  In a long line of cases, the Supreme Court of the United States has recognized that the Sixth Amendment right to counsel exists, and is needed, in order to protect the fundamental right to a fair trial.  Gideon v. Wainwright, 372 U.S. 335 (1963);  Johnson v. Zerbst, 304 U.S. 458 (1938); Powell v. Alabama, 287 U.S. 45 (1932).  The Court has recognized that "the right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771, n. 14, (1970). Counsel can deprive a defendant of the right to effective assistance, simply by failing to render "adequate legal assistance" Cuyler v. Sullivan, 446 U.S. 335, 345-350 (1980) (*finding* actual conflict of interest adversely affecting lawyer's performance renders assistance ineffective).

The Supreme Court has developed a two prong test for evaluating claims of ineffectiveness of counsel.  First, the petitioner must show that counsel's performance was deficient.  Second, the petitioner must show that the deficient performance prejudiced the defense.  Strickland, 466 U.S. at 687.  Unless both showings are made, it cannot be said that the conviction or... sentence resulted from a breakdown in the adversary process that renders the result unreliable.  *Id.*   The essence of  an ineffective assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect.  Lockhart v. Fretwell, 506 U.S. 364, 369 (1993); Kimmelman v. Morrison, 477 U.S. 365, 374 (1986).

Case 3:07-cv-01769-CVR   Document 21   Filed 04/22/08   Page 6 of 11

Juan C. Cruz Rodríguez v. Nicanor Caro-Delgado, et al.
Civil No. 07-1769(ADC)
Report and Recommendation
Page 6

This two prong standard has its justification in the fact that the government is not responsible for, and hence not able to prevent, attorney's errors that will result in reversal of a conviction or sentence. Attorney's errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. Hill v. Lockhart, 474 U.S. 52, 57 (1985).

A defendant seeking to overturn a conviction on the ground of ineffective assistance of counsel bears a heavy burden. He must demonstrate both (1) that counsel's performance was so unreasonable under prevailing professional norms that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," under Strickland, *supra*, and (2) that counsel's ineffectiveness prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *Id*. at 694, 104 S.Ct. 2052.

In applying this standard, a reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound [legal] strategy.'" Strickland at 689, 104 S.Ct. 2052 (*quoting* Michel v. Louisiana, 350 U.S. 91, 101, 76 S.Ct. 158 (1955)). Petitioner herein cannot satisfy the strict criteria of Strickland.

Nevertheless, when a petitioner submits no direct appeal to the conviction was filed by his legal representative, although he had requested so, Roe v. Flores-Ortega, 528 U.S. 470, 120

S.Ct. 1029 (2000) should first come into mind. There it was established that a counsel's failure to file a notice of appeal without defendant's consent is not per se deficient. Still, the Highest Court considered in that case the reasonableness of counsel's failure on the facts of the particular case,[3] to include, among those factors, counsel's duty to consult with defendant as to the appeal when it becomes evident that any rational defendant would have wanted to appeal and whether the particular defendant reasonably demonstrated to counsel that he was interested in appealing.

Herein petitioner Cruz Rodríguez has been convicted upon a bench trial and upon conviction no direct appeal was filed for the two-charges of First Degree Murder, three-charges of Attempted Murder, and state weapons' law violations which resulted in a sentence of two hundred and ninety seven (297) years of incarceration. In this federal post-conviction relief, petitioner claims he instructed his attorney to file the appeal, but none was filed. Depriving a defendant of appellate proceedings altogether is presumed prejudicial. Rodríguez v. United States, 395 U.S. 327, 89 S.Ct. 1715 (1969). In fact, when petitioner is found at federal level to have been deprived of his/her right to appeal, the procedure usually followed is for the district court to vacate the sentence and then reimpose same to allow the defendant the ten-day period to appeal imposition of the new sentence. United States v. Torres Otero, 232 F.3d 24 (1st Cir. 2000).

---

[3] Among highly relevant factors is if the defendant's conviction followed trial or was a guilty plea since a plea reduces the scope of potentially appealable issues, more so when a defendant receives the sentence he had bargained for as part of the plea, and by entering into a guilty plea indicates that defendant seeks to end judicial proceedings.

Juan C. Cruz Rodríguez v. Nicanor Caro-Delgado, et al.
Civil No. 07-1769(ADC)
Report and Recommendation
Page 8

For which, herein petitioner avers he would have timely appealed but for counsel's failure to do so. Additionally, the facts of Cruz Rodríguez' case reveal he was convicted, after a bench trial, of serious and felony crimes which resulted in a significant sentence. Such factors would lead a reasonable person to conclude a timely appeal should have been sought. It seems that no defense counsel's strategy would have forfeited the opportunity to raise on appeal other grounds, such as the ones claimed by petitioner i.e. a psychiatric condition and the resulting effects of medications while undergoing trial.

Nonetheless, in this case, there is no showing of the grounds litigated or addressed either by the petitioner or by the trial and sentencing court on the Rule 192.1 motion. Respondents have indicated in their Motion to Dismiss having no record of said motion. Respondents originally requested in their Motion to Dismiss as alternative to dismissal, that they be allowed to seek their closed files or the General Archives of the Department of Justice to address whether petitioner had submitted any of these issues to the sentencing court and whether these were considered and resolved. However, in the Motion in Compliance, respondents did not indicate whether they located the missing post-conviction and the state court ruling on the same.

The state Court of Appeals in denying the *certiori* filed by Cruz Rodríguez as to Rule 192.1 instructed that it be presented at the Court of First Instance and further indicated the laws applicable to the state judiciary required same to be removed to the corresponding trial court. Thus, from the record submitted by the respondents, the Rule 192.1 motion had to be transferred by the judiciary to the appropriate court level.

Juan C. Cruz Rodríguez v. Nicanor Caro-Delgado, et al.
Civil No. 07-1769(ADC)
Report and Recommendation
Page 9

---

Hence, it remains whether the resulting ruling is available and the extent of the resolution of the issues petitioner submitted, which respondents have not assisted this federal court because they have failed to state the results of their search in the closed archives. Moreover, the term granted by the presiding District Judge in the Order to Show Cause of February 20, 2008 (Docket No. 17) has already expired.[4]

In Section 2254 petitions, when a claim has not been fairly presented on direct appeal, it should be fairly presented to the state court through a motion for collateral relief. Gunter v. Maloney, 291 F.3d 74 (1st Cir. 2002). Absent evidence that herein petitioner indeed raised, through his Rule 192.1 motion, the claim that counsel did not file a direct appeal or that petitioner instructed him to do so, dismissal at this stage, as requested by respondents, would be inappropriate. Respondents in this case are in a much better position to ascertain from the official state records the Rule 192.1 ruling and to provide this federal court with evidence to support the requested dismissal.

In light of the above, it is recommended that respondent's Motion to Dismiss be DENIED without prejudice for failure to submit and to comply with the Order to Show Cause, at least as to the corresponding determination of the state courts in regards to petitioner's Rule 192.1 motion.

---

[4] Respondent's Motion in Compliance indicated they had contacted the General Archive of the Puerto Rico Court System and it would take longer than forty five (45) days to locate the records. At the time the motion was filed, the Department of Justice had not received notice the record was available. (Docket No. 18, p. 3). On this footing, it would be unfair to expect from petitioner, who is presently incarcerated and without financial resources, to provide the court with such record.

Juan C. Cruz Rodríguez v. Nicanor Caro-Delgado, et al.
Civil No. 07-1769(ADC)
Report and Recommendation
Page 10

After ruling on this report and recommendation, this federal court may determine if counsel needs to be appointed for an evidentiary hearing so that petitioner be granted the opportunity to enlarge the averment insofar as being denied the right to appeal his conviction as a result of counsel's ineffectiveness.[5]

## CONCLUSION

As such, it is recommended that Respondent's Motion to Dismiss should be DENIED WITHOUT PREJUDICE.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d

---

[5] Petitioner in the instant case requested an evidentiary hearing. A Section 2254 motion may be denied without a hearing as to those allegations which, if accepted as true, entitled the movant to no relief...."). *See* United States v. McGill, 11 F.3d 223, 225-26 (1st Cir. 1993).

A hearing on petitioner's motion need not be held when considering that Section 2254 provides "if the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that – (a) the claim relies on – (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

Succinctly, a petition can be dismissed without a hearing if the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or if the allegations cannot be accepted as true because "they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990) (*quoting* Myatt v. United States, 875 F.2d 8, 11 (1st Cir. 1989)). *See* United States v. Rodríguez-Rodríguez, 929 F. 2d 747, 749-50 (1st Cir. 1991).

Juan C. Cruz Rodríguez v. Nicanor Caro-Delgado, et al.
Civil No. 07-1769(ADC)
Report and Recommendation
Page 11

---

985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

IT IS SO ORDERED.

San Juan, Puerto Rico, this 22nd day of April of 2008.

                                                  s/CAMILLE L. VELEZ-RIVE
                                                  CAMILLE L. VELEZ-RIVE
                                                  UNITED STATES MAGISTRATE JUDGE