IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JUAN C. CRUZ RODRIGUEZ,

Petitioner,

v.

NICANOR CARO-DELGADO, ET AL.,

Respondents.

CIVIL NO. 07-1769 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Above petitioner Juan C. Cruz Rodríguez (hereafter "petitioner Cruz-Rodríguez") filed a motion for federal post-conviction relief of his state conviction in the courts of the Commonwealth of Puerto Rico and the sentence imposed, after a bench trial, of two hundred and ninety seven (297) months of incarceration. Petitioner Cruz-Rodríguez is serving the sentence for two (2) counts of first degree murder for the death of his wife and sister-in-law, three (3) counts of attempted murder which included some of his in-laws and nephews, and for violations of Articles 6 and 8 of the Puerto Rico Weapons' Law. Since petitioner had a prior criminal record, he received the sentence as an aggravated felon, although arguments of recidivism were disposed and clarified by the state court.[1]

Petitioner Cruz-Rodríguez avers being entitled to federal post-conviction relief under Title 28, United States Code, Section 2254, based on ineffective assistance of counsel in not filing a direct appeal to his conviction and for being sentenced while under medication for his mental condition and, thus, not competent at the time. Petitioner Cruz-Rodríguez

---

[1] At the time of the sentence for the murders, attempted murders and weapons' law offenses, Cruz-Rodríguez was under a suspended sentence since May 25, 1990 for a separate offense, –aggravated illegal appropriation-- which was revoked and which also resulted in the sentence to be imposed as aggravated or as referred by petitioner for recividism.

argued he exhausted his state available relief. Upon denial of the request for dismissal filed by respondent, the pending post-conviction relief was referred to this Magistrate Judge for an evidentiary hearing.

At the evidentiary hearing held on April 7, 2010, petitioner Cruz-Rodríguez was represented by court appointed counsel, Atty. Rafael Andrade-Ravelo, from the Federal Public Defender's Office. Respondent was represented by Attorney Idza Díaz-Rivera from the Puerto Rico Department of Justice. The parties were granted an additional time to submit copies of the state record, which were thereafter submitted to the court in the Spanish language on June 15, 2010. Petitioner had been instructed previously that translations into the English language of the documents submitted would be required, at least as to those documents necessary for the court to consider having filed instead the full available record, some of them duplicative, of motions and orders issued during the trial and revocation proceedings at state level. Upon sorting all the materials submitted, the essential documents which were considered by the undersigned for disposition of the issues raised were referred to the Clerk's Office to be preserved as part of the record. Arrangements shall be made with the Clerk's Office for the corresponding translations.

The parties had been ordered to notify the Court whether they would consent to trial jurisdiction of this Magistrate Judge. On June 15, 2010, petitioner Cruz-Rodríguez notified he would consent to jurisdiction by the Magistrate Judge. On June 22, 2010, respondent agreed to proceed before a Magistrate Judge, for which this opinion and order follows. (Docket Nos. 62 and 65).

## LEGAL ANALYSIS

Upon a careful review, we conclude this post-conviction petition is time barred under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"). Since Congress enacted the AEDPA in 1996, federal review of state convictions allegedly imposed in violation of the Constitution or federal law are subject to one-year statute of limitation that typically runs from the date of the petitioner's conviction became final.   Title 28, United States Code, Section 2254 (d)(1).

**A.  Petitioner's Section 2254 is Time-Barred.**

To determine if a post-conviction petition is time barred, one must first look at the language of the statute. A one-year statute of limitations was enacted by the AEDPA.  In its pertinent part, it reads as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation shall run from the latest of-

> (A) the date on which the judgment of conviction becomes final. *See* Title 28, United States Code, Section 2254 (d)(1)(A).

A conviction is not final as long as the defendant can appeal either the conviction or the sentence imposed upon him. *See* Griffith v.. Kentucky, 479 U.S. 314, 321 (1987); United States v. Colvin, 204 F.3d 1221, 1224 (9th Cir. 2000). Accordingly, for purposes of a petition under Section 2254, as it is for a Section 2255 petition, the judgment is considered to be "final" when the Supreme Court denies a petition for a *writ of certiorari*, and it is from that date that the limitations period starts to run. *See* Griffith, 479 U.S. at 321 n. 6; Derman v. United States, 298 F.3d 34 (1st Cir. 2002); United States v. Marcello, 212 F.3d 1005, 1008 (7th Cir. 2000); United States v. Thomas, 203 F.3d 350, 352-53 (5th Cir. 2000).

On the other hand, a conviction for a defendant who fails to file a petition for a *writ of certiorari* becomes final when the period in which he seasonably might have done so expires. Derman, 298 F.3d at 34; United States v. Burch, 202 F.3d 1274, 1276 (10th Cir. 2000) (if a defendant does not file a petition for a *writ of certiorari* with the U.S. Supreme Court after a direct appeal, the judgment of conviction becomes final when the time for filing the *certiorari* petition expires); Neverson v. Farquharson, 366 F.3d 32, 36 (1st Cir. 2004) (conviction became final when the ninety-day period for seeking *certiorari* expired)(quoting Clay v. United States, 537 U.S. 522, 527, 123 S.Ct. 1072 (2003) (discussing finality for purposes of post-conviction relief.)[2]

In the instant case, petitioner Cruz-Rodríguez did not file an appeal. He did file post-conviction motions and is considered to have exhausted his state available reliefs, which are required before attempting to file at federal level. The state court of appeals, issued the last disposition of the *certiorari* filed *pro-se* by petitioner Cruz-Rodríguez on February 13, 2006, after the state district court had denied the post-conviction motions under R. 192.1 and R. 185 regarding his sentence. This federal post-conviction relief was filed on August 23, 2007, well after the expiration of the one-year limitation period under AEDPA.

This late filing at federal level is not contested since even court appointed counsel in this court admits to same but requests that because of the *pro-se* status of petitioner Cruz-Rodríguez he be allowed to the tolling of the limitation period. As above explained, the petition would be time barred without the tolling.

---

[2] *See, e.g.*, United States v. Garcia, 210 F.3d 1058, 1060 (9th Cir. 2000); United States v. Gamble, 208 F.3d 536, 537 (5th Cir. 2000); Kapral v. United States, 166 F.3d 565, 570 (3rd Cir. 1999)(holding conviction becomes final when the time for seeking *certiorari* expires).

Even though this Magistrate Judge considers the petition is time barred, the tolling issue will be discussed upon the Highest Court's recent determination that a habeas petitioner may obtain equitable tolling on a case-by-case examination since the one-year limitation is not jurisdictional.

**B. Tolling.**

Petitioner Cruz-Rodríguez avers, without more, that his *pro-se* status should warrant that he be allowed equitable tolling for the tardiness in filing the federal post-conviction motion.

The doctrine of equitable tolling suspends the running of the statute of limitations when a plaintiff and/or petitioner, in the exercise of due diligence, could not have discovered information essential to his/her claim. A plaintiff would need to carry the burden to obtain such tolling of showing that extraordinary circumstances beyond his control prevented timely filing or that he was materially misled into missing the deadline. Tolling will not be allowed, in the absence of an actual innocence claim, for petitioner[3] simply failed to exercise due diligence in preserving his rights. *See* Barreto-Barreto v. United States, 551 F.3d 95 (1st Cir. 2008).

Likewise, in Holland v. Florida, ___ U.S. ___, 2010 WL2346549 (June 15, 2010), the Supreme Court stated the exercise of a court's equity power must be made on a case-by-case basis and the need for flexibility in avoiding mechanical rules should surpass from time to time from hard and fast adherence to more absolute legal rules, which if strictly applied, threaten the evils of archaic rigidity. Still, the garden variety of claims is insufficient to

---

[3] The Court of Appeals for the First Circuit is still to decide whether the doctrine of equitable tolling applies to Section 2255 petitions. It has been applied to state court convictions in rare and extraordinary cases.

sustain excusable neglect for tolling to be applied, but it is required from a plaintiff to sustain in support of tolling the presence of extraordinary circumstances.

The fact that petitioner is *pro-se* does not alter such conclusion, more so in the absence of any rare and exceptional circumstance to this federal petition. A party's *pro-se* status does not absolve him/her from compliance with the federal rules. *See* Eagle Eye Fishing Corp. v. United States Dep't of Commerce, 20 F.3d 503, 506 (1st Cir. 1994) (explaining that "the right of self-representation is not a license not to comply with relevant rules" (citation and internal quotation marks omitted)); FDIC v. Anchor Props., 13 F.3d 27, 31 (1st Cir. 1994) ("We have consistently held that a litigant's *pro se* status [does not] absolve him from compliance with [either] the Federal Rules of Civil Procedure [or] a district court's procedural rules." (citation and internal quotation marks omitted)); United States v. Heller, 957 F.2d 26, 31 (1st Cir. 1992) (quoting Feinstein v. Moses, 951 F.2d 16, 21 (1st Cir.1991)) ("*pro se* status [does not] absolve [a litigant] from compliance with the Federal Rules of Procedure.").

Furthermore, tolling has been allowed in a situation when a petitioner holds a credible claim of actual innocence, for which equity fosters the statute of limitations to be tolled. Such is not the situation presented by herein petitioner Cruz-Rodríguez since the standard is for petitioner to show that it is more likely than not that no reasonable juror/court would have found petitioner guilty beyond a reasonable doubt. This standard is demanding and would permit review only in extraordinary cases. Schlup v. Delo, 513 U.S. 298, 327, 115 S.Ct. 851 (1995). Equitable tolling of the limitation for filing a motion to vacate sentence is not applicable to petitioner who simply failed to exercise due diligence in preserving his legal rights. Barreto-Barreto v. United States, 551 F.3d 95 (1st Cir. 2008)

(actual innocence, through which habeas petitioner may have his otherwise barred constitutional claims considered on the merits, requires habeas petitioner to show factual innocence, not mere legal insufficiency). In fact, the Court of Appeals for the First Circuit has not even adopted an actual innocence exception to the one-year limitation period of a habeas petition.

Petitioner's motion to vacate sentence and conviction under Section 2254 is barred by the one-year statute of limitations enacted by the AEDPA, even in light of the most recent tolling allowed by the Highest Court upon examination of the particular case and there are no extraordinary circumstances in this case. Accordingly, petitioner's request for federal post-conviction relief is DENIED for being time-barred

## C. Ineffectiveness of Counsel.

Notwithstanding the above, since the matter raised by petitioner was subject of an evidentiary hearing upon appointment of counsel and wherein petitioner Cruz-Rodríguez was allowed to submit his claim of ineffective assistance of counsel in regards to failure to file an appeal to his conviction, as well as in regard to his claims of lack of mental capacity, we succinctly discuss these claims as the main gist of petitioner's contentions for federal post-conviction relief.

Petitioner Cruz-Rodríguez testified no direct appeal to his conviction was filed. Petitioner also testified he was mentally incompetent at the time of his prosecution and sentence for he was not feeling well, was nervous and depressed for which he was taking medication. Due to petitioner's medical condition, petitioner could not clearly recall at the hearing what transpired the day when sentence was imposed. Petitioner Cruz-Rodríguez acknowledged, however, that a forensic psychiatrist. Dr. Rafael Cabrera, had found him

competent to stand the judicial proceedings.  As to the appeal, petitioner now claims that about two (2) weeks after imposition of sentence, his attorney visited him in prison and stated not being in agreement with the sentence and that he would appeal.  Petitioner indicated to counsel he should appeal and if he had to be paid, he would be paid, but no appeal was filed.

The state record submitted by petitioner clearly shows retained counsel represented herein petitioner Cruz-Rodríguez during a competency hearing prior to the preliminary hearing, as well as thereafter prior to his conviction and sentence wherein the state entertained expert witnesses' testimonies.  Petitioner had been provided with orders for psychiatric medical evaluations and the court had available copies of his medical record and treatment. The presiding state judge was well aware Cruz-Rodríguez was receiving medical treatment, even ordering the same at certain times since a notice of a defense for diminished capacity had been filed with the Court.  Counsel for defendant Cruz-Rodríguez had been provided discovery and copies of all the medical record, and defendant's request for subpoenas were authorized for the medical experts and other evidence, such as the custodian of the medical records at the State Insurance Fund, the Psychiatric Hospital and the penal institution in regard with defendant Cruz-Rodríguez' mental condition.

Still, upon proceedings being held regarding his mental capacity and once defendant Cruz-Rodríguez was found capable of understanding the proceedings, both the revocation hearings for a prior offenses he was serving under a suspended sentence, as well as the preliminary hearing for the charges of first degree murders, attempted murders and

weapons' law offenses were entertained by the state district court.[4] The testimony of a medical expert, Dr. Rafael Cabrera Aguilar, was entertained regarding defendant's capacity to be held accountable for the offenses charged and to assist counsel during the proceedings. Defendant Cruz-Rodríguez also provided a subpoena to psychiatrist, Dr. Luis Raul Ríos Mellado, as the specialist providing health services at the penal institution while defendant Cruz-Rodríguez was held. After a competency hearing had been held and a judicial resolution on June 10, 1992 found defendant Cruz-Rodríguez competent, defendant determined, with the assistance of counsel, a bench trial instead of a jury trial would proceed. Upon conclusion of the prosecution and its evidence, the experts' testimonies subpoenaed by defendant, as well as, defendant Cruz-Rodríguez were entertained. Thus, petitioner's mental capacity at the time of the preliminary and trial proceedings were properly dealt with the court and by his trial counsel.

In addition, the issues regarding the request for appeal to counsel and the failure to file same, rest solely on credibility and self-serving assertions of petitioner Cruz-Rodríguez. A district court, some eighteen (18) years after the conviction of petitioner in 1992, should not be required to credit petitioner's allusion that he somehow requested his retained counsel to file a direct appeal and he failed to do so when no other evidence supports such a claim. In the particular case, the *pro-se* petitioner, with a twelve grade education and good writing skills, has been quite adamant and persuasive in his numerous filings with state and federal court. It is not until the eleventh hour he now submits counsel was ineffective on such grounds. In the absence of any particulars and the credibility issues

---

[4] The record further shows Cruz-Rodríguez was represented by separate legal counsel as to the pending proceedings, one for the revocation of the suspended sentence he had received and another for the charges of first degree murders and weapons' law violations as to which he is now seeking post-conviction relief.

present in this case, petitioner's averment are but mere buzznacking and deserve no further elaboration.

The documents presented by petitioner from the state court reveal that, after being sentenced around November 1993, Cruz-Rodríguez would communicate *pro-se* in writing with the Court in a very coherent and adequate manner to express several personal concerns, including request to have his children taken for visitation at the penal institution. Petitioner Cruz-Rodríguez obtained the relief sought from the state court and was able to have an order from the court for the custodian of the children to be ordered to bring them over for visitation. Similarly, petitioner addressed the court to seek review of his sentence because of his mental health condition at the time, as well as because of the extent of the sentence imposed for the first degree murder counts because the penalties were not imposed concurrently and were at the maximum allowed for his recidivism.[5] Both the R. 185 regarding recidivism, as well as the motion under R. 192.1 were denied by the state courts upon finding the legal contentions were incorrect. Among the *pro-se* pleadings filed by defendant Cruz-Rodríguez there is an informative motion providing the state court the correct address of his retained trial counsel upon having taken notice that another counsel had been incorrectly served with an order to show cause to answer.[6] By July 13, 1995, the Court of Appeals determined the *certiorari* filed by *pro-se* inmate Cruz-Rodríguez was to be transferred to the trial court to be entertained as a R. 192.1 motion. On February 8,

---

[5] The pleading entitled "*certiorari*" was filed with the Appeals Court but was transferred to the state trial court for being considered a Rule 192.1 petition. Petitioner has also filed a R. 185.

[6] The record also shows that on April 12, 1994, retained counsel for Cruz-Rodríguez informed the state court he was no longer attorney for defendant, that he was not to be notified of any further motions or orders and was thus to be considered as having resigned from the case since the date of imposition of sentence on December 14, 1992. See Informative Motion, Motion Requesting Relief, dated April 12, 1994 and the order granting the relief sought by the state court of May 12, 1994.

1996, the trial court issued an order denying the claims therein filed as to imposition of sentence. Cruz-Rodríguez then filed a motion entitled "appeal" which again raised issues regarding the length of his sentence and several alleged trial errors for admission of certain testimonies during his trial. At no time during the numerous pleadings filed with the state courts up to that time did petitioner Cruz-Rodríguez aver his retained counsel had failed to file an appeal after he so requested. It is not until federal post-conviction relief is sought, that petitioner avers and then testified at the evidentiary hearing, without any further evidence, as to his counsel's failure to file a requested direct appeal, which he now attributes to ineffective assistance.[7] The credibility of his testimony and its self-serving assertions in regards to the appeal cannot sustain the proposition that the events support the claim of ineffectiveness.

Thus, if petitioner Cruz-Rodríguez' claims were not time barred, he would still not be entitled to federal post-conviction relief insofar as ineffective assistance of counsel.

Petitioner Cruz-Rodríguez also claims that he was under medication at the time of sentence and was thus unable to remember the proceedings for he had requested an unknown medication for depression from a fellow inmate, which made him feel sick, and was throwing up. Joint Exhibit 1 was submitted as transcript of the sentencing proceedings wherein attorney for Cruz-Rodríguez addressed the Court in that apparently his client had taken some pill and requested a continuance of the proceedings which the Court denied. Still, at the time of imposition of sentence, the Court personally addressed defendant Cruz-

---

[7] In they year 2006, defendant Cruz-Rodríguez submits for the first time in a *certiorari* filed before the state Supreme Court his counsel should have filed an appeal on grounds the two (2) murders that took place on the same day and as part of the same event for which they should not result in two (2) sentences being imposed for each offense, rather they should have merged as one offense and one sentence and sought, although the conviction be sustained, to have the sentence so amended.

Rodríguez who then agreed being amenable to be sentenced and his counsel acquiesced.[8] *Joint Exhibit I, pp. 7-8.*

Due process requires the state court to conduct further inquiry into the defendant's competency for the legal proceedings. <u>Pate v. Robinson</u>, 393 U.S. 375, 86 S.Ct. 836 (1966). The record herein shows that since the onset the state court was well aware of defendant's diminished capacity defense, as well as prior treatment for a mental condition. His competency was later subject of a hearing at the guilt phase of his proceeding wherein defendant also had the opportunity to subpoena expert witnesses. Thereafter, at the sentencing phase, counsel for defendant Cruz-Rodríguez again brought before the court the history of psychiatric treatment as mitigating circumstances. It would have been ineffective assistance of counsel not to properly investigate and introduce mitigating evidence of defendant's condition. That was not the case in petitioner Cruz-Rodríguez' situation, but to the contrary, the parties were careful and extensive in their presentation of the defendant's mental condition.[9]

Competency determinations, which are difficult to make contemporaneous to trial, would, with the passage of time, and in Cruz-Rodríguez' arguments, some eighteen (18) years after the events, prove a daunting task when federal court is to engage in backward-looking inquiry into the petitioner's mental state at sentencing. Still, it would be petitioner's burden to show sufficient facts to generate a real, substantial and legitimate doubt of his mental capacity at the time of sentence, which in the present case he failed to

---

[8] A recording of the sentence proceedings was submitted by petitioner Cruz-Rodríguez, as well as a summary of the transcript into the English language. Joint Exhibit I.

[9] <u>Wiggins v. Smith</u>, 539 U.S. 510, 525, 123 S.Ct. 2527 (2003).

Juan C. Cruz-Rodríguez v. Nicanor Caro-Delgado, et al
Civil No. 07-1769 (CVR)
Opinion and Order
Page No. 13

produce. Instead, what the record before this federal court shows is that the state court indeed made an inquiry from the defendant's counsel and from Cruz-Rodríguez himself whether to continue with proceedings regarding imposition of sentence and they both agreed, indicating there was no impediment. *Joint Exhibit 1, p. 8.*

Under the AEDPA a federal court must reject the state court's judgment only if it was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. State court competency determinations are entitled to a presumption of correctness. *See* Demosthenes v. Baal, 495 U.S. 731, 110 S.Ct. 2223 (1990). Before a federal court in habeas attempts to overturn factual conclusions made by a state court, it must determine these conclusions are not fairly supported by the record. Title 28, United States Code, Section 2254(e)(1).[10] As such, in a federal habeas proceeding stemming from a state court conviction, petitioner is expected to prove by preponderance of the evidence that he was incompetent in fact at the time he entered his plea and/or sentence.[11]

The record submitted, as well as the evidence presented for post-conviction relief at the evidentiary hearing before this Magistrate Judge, has failed to show state proceedings were in violation of any constitutional right of the defendant Cruz-Rodríguez. As such, even if not considered time-barred, the petition is DENIED.

---

[10] In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. Title 28, U.S.C. §2254 (e)(1).

[11] When federal habeas relief is sought on grounds of incompetency, petitioner's initial burden is heavy. Courts in habeas should not consider claims of mental incompetence where the facts are not sufficient to positively, unequivocally, and clearly generate a real, substantial, and legitimate doubt as to the mental capacity of the petitioner. Bruce v. Estelle, 483 F.2d 1031, 1043 (5th Cir. 1973); see also Flugence v. Butler, 848 F.2d 77 (5th Cir. 1988)..

# CONCLUSION

The petition for post-conviction relief by Cruz-Rodríguez is DENIED for being time barred and for failing to establish merits as to the ineffective assistance of counsel or violation of a constitutional right that would warrant federal habeas relief.

IT IS SO ORDERED.

Judgment to be entered dismissing the complaint.

In San Juan, Puerto Rico, this 2nd day of July 2010.

         S/ CAMILLE L. VELEZ-RIVE
         CAMILLE L. VELEZ-RIVE
         UNITED STATES MAGISTRATE JUDGE