IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JUAN C. CRUZ-RODRIGUEZ,

    Petitioner,

    v.                                  CIVIL NO. 07-1769 (CVR)

NICANOR CARO-DELGADO, ET AL.,

    Respondents.

**OPINION AND ORDER**

Above petitioner Juan C. Cruz-Rodríguez (hereafter "petitioner Cruz-Rodríguez") was sentenced at the state level, after a bench trial, for two counts of first degree murder for the death of his wife and sister-in-law, three counts of attempted murder which included some of his in-laws and nephews, and for violations of Articles 6 and 8 of the Puerto Rico Weapons' Law. Having a prior criminal record, he received the state sentence as an aggravated felon, although arguments of recidivism were disposed and clarified by the state court.

Petitioner Cruz-Rodríguez was represented by counsel from the Federal Public Defender's Office at the evidentiary hearing before this Magistrate Judge on his request for Section 2254 relief that was based on ineffective assistance of state counsel in not filing a direct appeal to his conviction. Petitioner also claimed he was sentenced while under medication for his mental condition and, thus, not competent at the time. The parties were thereafter able to submit copies of the pertinent state record with instructions that translations into the English language of the documents submitted would be required. All the documents necessary for the court to consider for the Opinion and Order, as well as the

<u>Juan C. Cruz-Rodríguez v. Nicanor Caro-Delgado, et al</u>
Civil No. 07-1769 (CVR)
Opinion and Order
Page 2

parties' memoranda were examined.[1] On July 2, 2010, this Court issued an Opinion and Order (Docket No. 67) considering the petition was time-barred for having exceeded the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* Title 28, <u>United States Code</u>, Section 2254 (d)(1)(A). In fact, counsel for petitioner recognized late filing at federal level as uncontested but prayed for the *pro-se* status of petitioner Cruz-Rodríguez to be considered and he be allowed to tolling of the limitation period since without such tolling the petition would be considered time barred.[2]

Petitioner Cruz-Rodríguez has now requested reconsideration of this Court's Opinion and Order of July 2, 2010, and/or a certificate of appealability from the denial of his motion for federal post-conviction relief of his state conviction in the courts of the Commonwealth of Puerto Rico. (Docket No. 67). Petitioner's request for appealability raises the last filing at state level was ruled upon on March 9, 2007, when the Supreme Court of Puerto Rico denied *certiorari* on the appellate review of the Rule 185 motion. As such, petitioner now claims it would be incorrect the state legal proceedings ended on February 13, 2006.

First and foremost, petitioner, although now referring to a document regarding the date the state Supreme Court denied the last relief regarding the issue of being time-barred, has not presented to this Court any translation into the English language of the document

---

[1] On June 15, 2010, petitioner Cruz-Rodríguez notified his consent to jurisdiction by a Magistrate Judge, while respondent notified on June 22, 2010, he also agreed to jurisdiction of a Magistrate Judge.

[2] The state court of appeals issued the last disposition on the filed *pro-se* petitioner Cruz-Rodríguez on February 13, 2006, after state district court had denied the post-conviction motions under R. 192.1 and R. 185 regarding his sentence. This federal post-conviction relief was filed on August 23, 2007, well after expiration of the one-year limitation period under AEDPA.

Juan C. Cruz-Rodríguez v. Nicanor Caro-Delgado, et al
Civil No. 07-1769 (CVR)
Opinion and Order
Page 3

he now makes reference as the last decision of the Supreme Court.[3] The Motion Submitting Copy of State Files (Docket No. 61) had included numerous hard copies of documents without any particular order or index referring to any chronological or subject correlation of the documents included. This Court took the initiative to expedite matters to sort out the documents submitted by counsel, set aside those documents which were duplicates or unnecessary and return to the Clerk's Office two separate bundles of documents with instructions that petitioner was to comply with the previous order of the Court as to the translation but solely as to the document set identified as pertinent to the decision. The Clerk's Office has informed petitioner has taken no action on the matter of the documents presently held at the Clerk's Office. More so, no specific reference to any particular document among the group of documents previously filed by counsel to identify the new issues, which is contrary to previous averment and the recollection of the Court of the evidentiary hearing. Thus, the issue resolved that the petition is considered time-barred will not be reconsidered.[4]

Petitioner has in the alternative to reconsideration requested a certificate of appealability. A certificate of appealability may be granted only upon a substantial showing of the denial of a constitutional right. Title 28, United States Code, Section 2253(c)(2). To make this showing, the applicant "must demonstrate that reasonable jurists would find the

---

[3] The law incontrovertibly demands that federal litigation in Puerto Rico be conducted in English. See Title 48, United States Code Annotated, Section 864. When collecting a record for summary judgment, a Puerto Rico district court must sift out non-English materials, and parties should submit only English-language materials. Estades-Negroni v. Associates Corp. of North America, 359 F.3d 1 (1st Cir. 2004); González-De-Blasini v. Family Dept., 377 F.3d 81 (1st Cir. 2004).

[4] Regardless of the time-barred issue, the Opinion and Order further examined petitioner's grounds as to ineffective assistance and the competence issue and ruled against both as sufficient for federal post-conviction relief. As such, the decision as to being time-barred, including not being entitled to equitable tolling, did not harm the merits of petitioner's other contentions.

Juan C. Cruz-Rodríguez v. Nicanor Caro-Delgado, et al
Civil No. 07-1769 (CVR)
Opinion and Order
Page 4

district court's assessment of the constitutional claim debatable or wrong." *See* Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Williams v. Taylor, 529 U.S. 420, 484 (2000)).

The record examined shows state counsel for herein petitioner Cruz-Rodríguez was provided with discovery and copies of all the medical record, subpoenas were authorized for the medical experts and evidence, including the custodian of the medical records at the State Insurance Fund, the Psychiatric Hospital and the penal institution in regard with petitioner Cruz-Rodríguez' mental condition. Thus, after entertaining the testimony of petitioner Cruz-Rodríguez at the federal evidentiary hearing, as well as the examination of the state court record submitted by post-conviction appointed counsel, this Magistrate Judge ruled the state court granted all necessary due process, engaged in evaluation of evidence from medical experts, and made a finding as to the mental competency to stand trial that is abundantly sustained by the state record.

Furthermore, as to the issue of ineffective assistance of state counsel, which rested solely as to not having filed a direct appeal to the state conviction, together with the evidence presented at the evidentiary hearing and the testimony of the petitioner, it became clear said claim rested solely on credibility and self-serving assertions of petitioner Cruz-Rodríguez.

In summary, the Opinion and Order indicated that a federal district court, some eighteen years after the state conviction of petitioner in 1992, should not now be required to credit petitioner's allusion that he somehow requested his state retained counsel to file a direct appeal and he failed to do so, without any other evidence to support such a claim.

In this particular case, the *pro-se* petitioner Cruz-Rodríguez, with a twelve grade education and as evidenced in possession of good writing skills, has been quite adamant and persuasive in numerous *pro-se* filings with state and federal court. It is not until the eleventh hour he submits state counsel was ineffective on such grounds. More so, it was not until 2006 that petitioner Cruz-Rodríguez made a claim for the first time in a *certiorari* filed before the state Supreme Court that his state counsel should have filed an appeal on grounds the two murders that took place on the same day and as part of the same event for which they should not result in two sentences being imposed for each offense, rather they should have merged as one offense and one sentence. As such, this Magistrate Judge determined the credibility of petitioner's testimony and his self-serving assertions in regards to the appeal did not sustain the proposition of counsel's ineffectiveness for failure to file a direct appeal to the state conviction.

Petitioner Cruz-Rodríguez made the additional claim that he was under medication at the time of sentence and, thus, unable to remember the proceedings. Still, the state record made clear that, at the time of imposition of sentence, the state sentencing judge personally addressed Cruz-Rodríguez who then agreed being amenable to be sentenced and his counsel acquiesced.[5] *Joint Exhibit I, pp. 7-8*. Due process by state court was complied with.

On the basis of the factual events and the state record, the Opinion and Order of July 2, 2010, indicated that, although incompetency determinations are difficult contemporaneous to trial, these are more so with the passage of time. Notwithstanding

---

[5] A recording of the sentence proceedings was submitted by petitioner Cruz-Rodríguez, as well as a summary of the transcript into the English language. Joint Exhibit I.

Cruz-Rodríguez' arguments, some eighteen years have elapsed after the events he now complains at federal level, which may prove a daunting task when federal court is to engage in backward-looking inquiry into the petitioner's mental state at sentencing. It is the petitioner's burden to show sufficient facts to generate a real, substantial and legitimate doubt of his mental capacity at the time of sentence, and petitioner Cruz-Rodríguez has failed to produce any such doubt before this federal court in the post-conviction action since the state court's determination was not contrary nor involved an unreasonable application of clearly established federal law. As such, state court competency determination was entitled to a presumption of correctness and were fairly supported by the record. Demosthenes v. Baal, 495 U.S. 731, 110 S.Ct. 2223 (1990).[6]

In conclusion, this Court is convinced that upon the record submitted, as well as the evidence presented for post-conviction relief at the evidentiary hearing before this Magistrate Judge, with the caveat that petitioner Cruz-Rodríguez has not been considered at any time to be factually innocent of the state crimes for which he was convicted and sentenced, petitioner failed to establish a violation of a constitutional right, for which reason the motion for reconsideration filed by petitioner, and in the alternative the request for a certificate of appealability, are DENIED.[7]

---

[6] In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. Title 28, U.S.C. §2254 (e)(1).

[7] On August 2, 2010, the Clerk entered judgment pursuant to the Opinion and Order (Docket No. 70) and petitioner filed the request of this certificate of appealability prior to a determination being final. It is considered, however, the motion filed by petitioner relates to the request for reconsideration of the Opinion and Order and is denied. The request for certificate of appealability is also DENIED as to the judgment entered dismissing the petition.

Juan C. Cruz-Rodríguez v. Nicanor Caro-Delgado, et al
Civil No. 07-1769 (CVR)
Opinion and Order
Page 7

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 2nd day of August of 2010.

                              S/ CAMILLE L. VELEZ-RIVE
                              CAMILLE L. VELEZ-RIVE
                              UNITED STATES MAGISTRATE JUDGE